Filed 3/13/23  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C096532 |
| Plaintiff and Respondent, | (Super. Ct. No. CS2022-00007) |
| v. | |
| BRANDON ALLAN CLARK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Allan Clark asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 2021, defendant was released on postrelease community supervision (PRCS) in case No. 16722.[1] His PRCS conditions included reporting to the probation officer as directed, not engaging in illegal activity, and abstaining from the use or possession of illegal drugs or narcotics.

In April 2022, a petition for revocation of PRCS was filed alleging defendant (1) violated the law in January 2022 by soliciting prostitution, possessing a controlled substance, and possessing drug paraphernalia; (2) failed to report to the probation officer as directed in January 2022; (3) tested positive for methamphetamine in February and March 2022; and (4) was arrested in April 2022 for unlawfully possessing a stun gun (Pen. Code, § 22610, subd. (a)), possession of drug paraphernalia (Health & Saf. Code, § 11364), and driving with a suspended or revoked license (Veh. Code, § 14601.1) (all charges were misdemeanors). This was defendant's fourth violation of PRCS.

During the May 2022 evidentiary hearing, the probation officer testified defendant did not come to the probation office as agreed in January 2022. He also failed to notify the probation officer about his arrest in January or April 2022. In addition, defendant tested positive for methamphetamine in February and March 2022. He enrolled himself in an outpatient drug treatment program but was discharged from the program before he completed it.

A police detective testified defendant replied to a police-posted online advertisement and arranged to meet and pay for sex in a local hotel. Defendant was met at the hotel by police officers. An officer searched defendant and his car and found what appeared to be a bag of methamphetamine and a pipe.

---

[1] Case No. 16722 is not at issue in this appeal.

The trial court found defendant had violated PRCS and imposed 150 days in jail, with 180 days stayed.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                   /s/
                              BOULWARE EURIE, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
DUARTE, J.

3